**CAOLO v. DULLES, Secretary of State.**
**No. 6198.**

United States District Court,
D. Puerto Rico,
San Juan Division.
Sept. 30, 1953.

·James R. Beverley, San Juan, Puerto Rico, for plaintiff.

Pascual Amado Rivera, Asst. U. S. Atty., San Juan, Puerto Rico, for defendant.

RUIZ–NAZARIO, District Judge.

Plaintiff was born in Ponce, Puerto Rico on June 1st, 1911, of parents who were Italian subjects. In 1923 his father left Puerto Rico for the Dominican Republic, leaving his son, the plaintiff, in Puerto Rico where he remained pursuing studies until 1927, when plaintiff went to the Dominican Republic, his father, who was there, paying the expenses of the voyage. His parents were at this time residents of the Dominican Republic, and as plaintiff was then a minor his parents' said Dominican residence became, thus, his residence to all legal intents and purposes. Shortly after arriving in the Dominican Republic plaintiff started to work for his present employer, Esso Standard Oil Co. S. A., and has been employed by them since July 11, 1928, in the Dominican Republic, except for a year and six months when he worked for the same company in Haiti. On December 23, 1940 plaintiff came to Puerto Rico, where he remained until January 21, 1941. This trip was taken avowedly to reestablish his residence in Puerto Rico under the Act. (p. 11, Deposition), and after being advised by counsel of the benefits of the Nationality Act of 1940.

Plaintiff is married to an American citizen, has relatives in Puerto Rico and claims that he has always considered Puerto Rico his residence and domicile. He has, during his absence, returned to Puerto Rico many times on visits to relatives. In 1939 he visited Continental United States on an Italian passport. His explanation is that he was ill and that the Consulate would not issue an American passport. Under pressure of his illness he applied for an Italian passport, which was issued to him. On the 1940–41 trip to Puerto Rico an American passport was issued to him by the Governor of Puerto Rico. This passport was later recalled by the United States Embassy in the Dominican Republic and never returned to him.

Plaintiff contends that he is a citizen of the United States under former Section 602 of Title 8 U.S.C.A., Sec. 202 of the Act of October 14, 1940, now embodied in Sec. 1402, Title 8 U.S.C.A., Sec. 302 of Act of June 27, 1952. Section 602 reads as follows:

"§ 602. Citizens by birth in Puerto Rico on or after April 11, 1899

"All persons born in Puerto Rico on or after April 11, 1899, subject to the jurisdiction of the United States, residing on the effective date of this chapter in Puerto Rico or other territory over which the United States exercises rights of sovereignty and not citizens of the United States under any other Act, are hereby declared to be citizens of the United States. Oct. 14, 1940, c. 876, Title I, Subchap. II, § 202, 54 Stat. 1139."

The question presented is thus whether plaintiff became a citizen of the United States by reason of his stay in Puerto Rico from December 1940 to January 21, 1941. If the Act, by the phrase "residing on the effective date of this chapter in Puerto Rico", contemplates mere physical presence in Puerto Rico on the effective date of the Act, this man would have become a citizen by his stay of less than a month. The Act provides, Sec. 504, Title 8 U.S.C.A. [now 8 U.S.C.A. § 1101(a) (33)], that for purposes of sections 601, 707(b), 803, 804, 805, 806, and 807 of the chapter, "the place of general abode shall be deemed the place of residence." However, at no place is any definition or explanation given concerning "residing", as used in Sec. 602, which is a section applicable only to persons born in Puerto Rico. Nevertheless, the common-sense construction of the verb *to reside* leads us to adopt the reference of Section 504 to the place of general abode when construing 602. Indeed, Webster's Int. Dictionary, 2d. Edition (Unabridged)

defines the verb thus. "——— to have a settled abode for a time." Although the simplification of "residence" by Sec. 504 is not made specifically applicable to Sec. 602, surely Congress did not intend to simplify a word throughout the Nationality Code only to preserve the troublesome subjective tests of residence with respect to persons born in Puerto Rico. It is elementary in statutory construction that words used in certain sections of a statute and by it given a specified meaning must be deemed to have the same meaning when employed in other sections of the statute not expressly mentioned in the defining provision, unless otherwise expressly provided in or resulting from the statute itself.

Thus, the Court must conclude, paraphrasing Mr. Justice Frankfurter in Guessefeldt v. McGrath, 342 U.S. 308, at page 312, 72 S.Ct. 338, at page 341, 96 L.Ed. 342, that "To hold that" residing in Puerto Rico "implies something more than mere physical presence and something less than domicile is consistent with the emanations of Congressional purpose manifested in the entire Act".—To reside, as used in Section 602, means to have a place of general abode in Puerto Rico on the effective date of the Act—that the principal dwelling place of the person be in Puerto Rico. Nor did Congress intend by Sec. 602 to naturalize this class of aliens by virtue of a mere sojourn in Puerto Rico on the effective date of the Act.

Under this test, plaintiff did not become a citizen by his mere physical presence in Puerto Rico from Dec. 23, 1940 to January 21, 1941. He could hardly have had his principal dwelling place—his place of general abode in Puerto Rico, when he had not abandoned his work in the Dominican Republic, where he lived from the age of sixteen, and where he returned immediately after being present in Puerto Rico, by advice of counsel, on the effective date of the Act.

Plaintiff places much stress in the subjective criterion which for a long time prevailed in determining matters of residence and which gave rise to great deal of confusion in the courts for many years, but said criterion no longer obtains, since the Supreme Court in Savorgnan v. United States, 338 U.S. 491, 504–506, 70 S.Ct. 292, 94 L.Ed. 287, definitely established that Congress in enacting The Nationality Act of 1940 intended to apply the objective criterion to the term residence as used in said Act. In this connection it must be pointed out that plaintiff would be in no better case if a subjective criterion were applied, for, although his legal residence until his majority was, of course, that of his father in the Dominican Republic —he did not, upon reaching his majority, voluntarily choose a residence in Puerto Rico, but continued to reside in the Dominican Republic.

It therefore follows that plaintiff is not a citizen of the United States of America, as he claims, and that a declaratory judgment so holding must be accordingly entered.